**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2301
_____

UNITED STATES OF AMERICA

v.

ROBERT S. ARMSTRONG,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-14-cr-00633-001)
District Judge: Honorable Noel L. Hillman
_____

Submitted on January 20, 2021

Before: SMITH, *Chief Judge*, HARDIMAN, and ROTH, *Circuit Judges*.

(Filed: February 25, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Robert S. Armstrong appeals the District Court's judgment sentencing him to 24 months' imprisonment for violating his supervised release conditions. We will affirm.

In 2015, Armstrong pleaded guilty to one count of mail fraud in violation of 18 U.S.C §§ 1341 and 1342. He was sentenced to 57 months in prison plus three years of supervised release. After completing rehabilitation programs in prison, Armstrong was released in 2018. Unfortunately, he soon committed the same offense again using an almost identical scheme. Armstrong pleaded guilty to this new fraud, which was a violation of his conditions of supervised release. Armstrong admitted two other violations as well. When the District Court considered the three violations at sentencing, it varied upward and imposed a statutory maximum sentence of 24 months' incarceration. Armstrong appealed.

We consider Armstrong's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). He argues that the District Court committed a procedural error by considering incremental punishment during sentencing. We disagree.

When one violates conditions of supervised release, district courts may revoke the term and remand the defendant to prison after considering several § 3553(a) sentencing factors. 18 U.S.C. § 3583(e)(3). Here, the District Court offered two key explanations. It noted that Armstrong was at it again with brazen speed, repeating his offense on the heels of his release. And the Court observed that "the notion of adequate deterrence"— § 3553(a)(2)(B)—includes "incremental punishment." App. 178. Because the District Court did not err in either respect, we will affirm its judgment.